IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JASON NAYLOR**                                                       **PETITIONER**

**V.**                                           **CIVIL ACTION NO.3:16CV762 HTW-LRA**

**WILLIAM SOLLIE**                                            **RESPONDENT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jason Naylor filed the instant petition for writ of habeas corpus relief on September 29, 2016. Respondent has moved to dismiss the petition for failure to state a claim upon which relief may be granted. Upon review of the pleadings and applicable case law, the Court finds the petition should be dismissed.

Naylor is a pre-trial detainee in the custody of the Lauderdale County Detention Facility in Meridian, Mississippi, who at the time of filing, was awaiting trial for human trafficking, forcible rape and murder.[1] His petition is therefore properly considered under 28 U.S.C. § 2241.

In order for a court to review the claims of a state pre-trial detainee under § 2241, two prerequisites must be met. The petitioner must first be "in custody" pursuant to 28 U.S.C. § 2241(c), and second, he must have exhausted his available state remedies. *Dickerson v. State of Louisiana,* 816 F.2d 220, 224 (5th Cir. 1987).

---

[1] The record in this case reflects that Naylor was on bail on an aggravated domestic violence charge when he was charged with human trafficking, forcible rape and murder. Subsequently, he had an initial appearance before a Justice Court Judge on the rape and murder charge on November 18, 2015. The domestic violence charge was *nolle prossed* without prejudice on September 2, 2016. ECF No. 15-1.

While a pre-trial detainee has the right to seek federal habeas relief, the availability of such relief is not without limits. *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 488–89 (1973). The right to seek federal habeas corpus relief under § 2241 "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489. To the contrary, a pre-trial detainee is not permitted to derail "a pending state court proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493. The United States Supreme Court has thus drawn "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle*, 530 F.2d at 1280, 1283 (5th Cir. 1976) (quoting *Braden*, 410 U.S. at 490). The Fifth Circuit has held that this distinction rests upon the type of relief requested by the petitioner: If the petitioner is attempting to dismiss the indictment or prevent the prosecution of his case, then he is seeking to abort the state proceedings. *Id.* at 1282. If he is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide him with a prompt trial. *Id.* "While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met." *Id.* at 1283.

In the present case, records show that when the instant petition was filed, Petitioner's forcible rape charge was scheduled for March 29, 2017, and his murder

2

charge was still being investigated by the Lauderdale County Sherriff's Department. Since that time, Petitioner has advised that he rejected a plea deal on the forcible rape charge on May 30, 2017, and was last scheduled to appear in Lauderdale County Court on June 29, 2017.  Based on the information of record, both charges appear to still be pending in state court.[2]

In his petition for relief, Naylor prays for his immediate release and the dismissal of the pending charges claiming the lack of evidence.  He states that his right to a speedy trial is being violated and he needs help from a "higher court."  In letters to this Court, filed on June 7, 2017, and June 26, 2017, he reasserts that he cannot receive a fair trial in state court, and requests that this court dismiss the forcible rape charge for lack of evidence.  He also requests a change of venue and reiterates that his right to a speedy trial is being violated.[3]

Nothing to date indicates that "special circumstances" exist which would allow this Court to consider to the merits of Petitioner's claims before he has been tried.  The constitutional right to a speedy trial does not qualify as "a per se 'special circumstance' that obviates the exhaustion requirement." *Dickerson.*, 816 F.2d at 227.  Petitioner must still overcome the hurdles of exhaustion before requesting federal relief.  *Brown*, 530 F.2d at 1283.  Further, Petitioner's request for a dismissal of his criminal charges and release from custody fails to state a claim upon which 28 U.S.C. § 2241 relief may be granted.

---

[2] ECF No.  15-1—15-4.

[3] ECF Nos. 1, 16, 17.

3

For these reasons, the undersigned recommends that his petition be dismissed for failure to state a claim upon which habeas relief may be granted, or in the alternative, for failure to exhaust available state remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections to the Report and Recommendation. The objections must be filed with the Clerk of Court, and the objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation, within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted on August 21, 2017.

                                                  s/ Linda R. Anderson
                                              UNITED STATES MAGISTRATE JUDGE