# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**JASON NAYLOR**                                                    **PETITIONER**

**vs.**                                    **CIVIL ACTION No.: 3:16-CV-762-HTW-LRA**

**WILLIAM D. SOLLIE**                                              **RESPONDENT**

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

BEFORE THIS COURT are three (3) interrelated matters: the respondent's Motion to Dismiss **[Docket no. 15]**; the Report and Recommendation of the United States Magistrate Judge Linda Anderson for acceptance, or rejection or modification **[Docket no. 18]**; and the Petitioner's Motion to Dismiss **[Docket no. 19]**.

The petitioner's petition for a writ of habeas corpus, filed under the authority of Title 28 U.S.C. § 2241[1], asks this court to order the State of Mississippi to release him from pretrial

---

[1] (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

(b) The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.

(c) The writ of habeas corpus shall not extend to a prisoner unless--

> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

> (5) It is necessary to bring him into court to testify or for trial.

(d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

confinement in the Lauderdale County Jail, in Lauderdale County, Mississippi; or, alternatively, to dismiss the criminal charges pending against him. The petitioner in this matter is acting *pro se*.[2] "A document filed *pro se* is 'to be liberally construed,' *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers,' ibid. (internal quotation marks omitted). Cf. Fed. Rule Civ. Proc. 8(f) ('All pleadings shall be so construed as to do substantial justice')." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). "Despite our general willingness to construe *pro se* filings liberally, we still require *pro se* parties to fundamentally 'abide by the rules that govern the federal courts.'" *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014), as revised (Sept. 18, 2014)(citing *Frazier v. Wells Fargo Bank, N.A.*, 541 Fed.Appx. 419, 421 (5th Cir.2013)).

The State of Mississippi arrested the petitioner for murder and forcible rape. The Lauderdale County Circuit Court proceeded against the petitioner on the forcible rape charge and, as stated below, ultimately dismissed the forcible rape. The State of Mississippi, however, is still seemingly investigating the murder charge. The petitioner alleges that the State of Mississippi also

---

(e)(1) No court, justice, or judge shall have jurisdiction to hear or consider an application for a writ of habeas corpus filed by or on behalf of an alien detained by the United States who has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

    (2) Except as provided in paragraphs (2) and (3) of section 1005(e) of the Detainee Treatment Act of 2005 (10 U.S.C. 801 note), no court, justice, or judge shall have jurisdiction to hear or consider any other action against the United States or its agents relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement of an alien who is or was detained by the United States and has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

28 U.S.C.A. § 2241 (West)

[2] *pro se* [noun]. (1857) One who represents oneself in a court proceeding without the assistance of a lawyer

*PRO SE*, Black's Law Dictionary (10th ed. 2014)

charged him with human trafficking, presumably in violation of Miss. Code Ann. § 97-3-54.1[3].

[Docket no. 1, P. 5].[4]

---

[3] (1)(a) A person who coerces, recruits, entices, harbors, transports, provides or obtains by any means, or attempts to coerce, recruit, entice, harbor, transport, provide or obtain by any means, another person, intending or knowing that the person will be subjected to forced labor or services, or who benefits, whether financially or by receiving anything of value from participating in an enterprise that he knows or reasonably should have known has engaged in such acts, shall be guilty of the crime of human-trafficking.

    (b) A person who knowingly purchases the forced labor or services of a trafficked person or who otherwise knowingly subjects, or attempts to subject, another person to forced labor or services or who benefits, whether financially or by receiving anything of value from participating in an enterprise that he knows or reasonably should have known has engaged in such acts, shall be guilty of the crime of procuring involuntary servitude.

    (c) A person who knowingly subjects, or attempts to subject, or who recruits, entices, harbors, transports, provides or obtains by any means, or attempts to recruit, entice, harbor, transport, provide or obtain by any means, a minor, knowing that the minor will engage in commercial sexual activity, sexually explicit performance, or the production of sexually oriented material, or causes or attempts to cause a minor to engage in commercial sexual activity, sexually explicit performance, or the production of sexually oriented material, shall be guilty of procuring sexual servitude of a minor and shall be punished by commitment to the custody of the Department of Corrections for not less than five (5) nor more than thirty (30) years, or by a fine of not less than Fifty Thousand Dollars ($50,000.00) nor more than Five Hundred Thousand Dollars ($500,000.00), or both. It is not a defense in a prosecution under this section that a minor consented to engage in the commercial sexual activity, sexually explicit performance, or the production of sexually oriented material, or that the defendant reasonably believed that the minor was eighteen (18) years of age or older.

(2) If the victim is not a minor, a person who is convicted of an offense set forth in subsection (1)(a) or (b) of this section shall be committed to the custody of the Department of Corrections for not less than two (2) years nor more than twenty (20) years, or by a fine of not less than Ten Thousand Dollars ($10,000.00) nor more than One Hundred Thousand Dollars ($100,000.00), or both. If the victim of the offense is a minor, a person who is convicted of an offense set forth in subsection (1)(a) or (b) of this section shall be committed to the custody of the Department of Corrections for not less than five (5) years nor more than twenty (20) years, or by a fine of not less than Twenty Thousand Dollars ($20,000.00) nor more than One Hundred Thousand Dollars ($100,000.00), or both.

(3) An enterprise may be prosecuted for an offense under this chapter if:

    (a) An agent of the enterprise knowingly engages in conduct that constitutes an offense under this chapter while acting within the scope of employment and for the benefit of the entity.

    (b) An employee of the enterprise engages in conduct that constitutes an offense under this chapter and the commission of the offense was part of a pattern of illegal activity for the benefit of the enterprise, which an agent of the enterprise either knew was occurring or recklessly disregarded, and the agent failed to take effective action to stop the illegal activity.

    (c) It is an affirmative defense to a prosecution of an enterprise that the enterprise had in place adequate procedures, including an effective complaint procedure, designed to prevent persons associated with the enterprise from engaging in the unlawful conduct and to promptly correct any violations of this chapter.

    (d) The court may consider the severity of the enterprise's offense and order penalties, including: (i) a fine of not more than One Million Dollars ($1,000,000.00); (ii) disgorgement of profit; and (iii) debarment from government contracts. Additionally, the court may order any of the relief provided in Section 97-3-54.7.

(4) In addition to the mandatory reporting provisions contained in Section 97-5-51, any person who has reasonable cause to suspect that a minor under the age of eighteen (18) is a trafficked person shall immediately make a report of the suspected child abuse or neglect to the Department of Human Services and to the Statewide Human Trafficking Coordinator. The Department of Human Services shall then immediately notify the law enforcement agency in the jurisdiction where the suspected child abuse or neglect occurred as required in Section 43-21-353, and the department shall also commence an initial investigation into the suspected abuse or neglect as required in Section 43-21-353. A

In her Report and Recommendation, filed on August 21, 2017, Magistrate Judge Linda Anderson found that the respondent's Motion to Dismiss **[Docket no. 15]** was due to be granted because the underlying charges that the petitioner is challenging in this lawsuit *sub judice* were still pending in the Circuit Court of Lauderdale County, Mississippi, that clearly petitioner was attempting to derail state criminal charges before the State could act on the charges in the state criminal court (*see Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 488-89 (1973)); and that petitioner had not exhausted state remedies (*see Brown v. Estelle* 530 F.2d 1280, 1283 (5th Cir. 1976)). Further, found the Magistrate Judge, although the petitioner raised speedy trial concerns, the State of Mississippi had stated its plans to proceed immediately on the petitioner's trial setting. Magistrate Judge Anderson further directed the *pro se* prisoner plaintiff to submit within fourteen (14) days any objections to the Report and Recommendation. The petitioner did not file formal objections to the Magistrate Judge's Report and Recommendation; instead, he filed his Motion to Dismiss **[Docket no. 19]** which this court construed, as explained *infra*, as an objection to the Magistrate Judge's Report and Recommendation.

After Magistrate Judge Anderson filed her Report and Recommendation, the State of Mississippi *nolle prossed*[5] the petitioner's forcible rape charge. Seven (7) days later, Lauderdale

---

minor who has been identified as a victim of trafficking shall not be liable for criminal activity in violation of this section.

(5) It is an affirmative defense in a prosecution under this act that the defendant:

    (a) Is a victim; and

    (b) Committed the offense under a reasonable apprehension created by a person that, if the defendant did not commit the act, the person would inflict serious harm on the defendant, a member of the defendant's family, or a close associate.

Miss. Code. Ann. § 97-3-54.1 (West)

[4] The Magistrate Judge also mentions that the State of Mississippi had charged the petitioner with human trafficking. [Docket no. 18, P. 1]. The parties do not discuss this charge in their submissions to this court.

[5] *nolle prosequi* (nahl-ee prahs-ə-kwi) vb. (1875) To abandon (a suit or prosecution); to have (a case) dismissed by a nolle prosequi <the state nolle prosequied the charges against Johnson>. — Often shortened to nolle pros; nol-pros; nol-pro.

NOLLE PROSEQUI, Black's Law Dictionary (10th ed. 2014)

County Justice Court Judge Gerald Thompson signed an order releasing the petitioner on a recognizance bond for the murder charge under which the petitioner still suffers.

The petitioner's Motion to Dismiss **[Docket no. 19]** does not ask this court to dismiss his lawsuit; rather, it asks this court to dismiss the State of Mississippi's charge of forcible rape against him. This court, therefore, will construe the petitioner's Motion to Dismiss **[Docket no. 19]** as his notice of opposition to the Report and Recommendation of Magistrate Judge Anderson **[Docket no. 18]**. Still, the petitioner's forcible rape charge has been *nolle prossed*.

Relative to petitioner's speedy trial concerns, as stated above, the forcible rape charge has been *nolle prossed* and petitioner has been released from confinement on a recognizance bond.

This court thus finds that this case should be dismissed as this court **ADOPTS** the Report and Recommendation of the Magistrate Judge **[Docket no. 18]**. The State of Mississippi has *nolle prossed* the forcible rape charge against the petitioner and released him on recognizance on the murder charge. Further, this court is persuaded, as was Magistrate Judge, that the instant petition fails to state a claim upon which habeas relief may be granted where it attempts to derail a state court criminal proceeding and because the petitioner failed to exhaust his administrative remedies.

This court thus **GRANTS** the Motion to Dismiss filed by the Respondent. **[Docket no. 15]**. The Respondent's motion is in lockstep with the Report and Recommendation of the United State Magistrate Judge.

This court hereby **DENIES** petitioner's Motion to Dismiss. **[Docket no. 19]**.

Finally, this court commensurately **DISMISSES** this lawsuit in its entirety **WITHOUT PREJUDICE**. The parties are to bear their own costs. His motion attacks the State's evidence against him and requests a dismissal of the forcible rape charge. As stated herein, that charge has been *nolle prossed*. He mentions speedy trial concerns, but he is now free on a recognizance bond.

A final order adverse to the petitioner having been filed in the captioned habeas corpus case, in which the detention complained of arises out of process issued by a state court or a proceeding pursuant to Title 28 U.S.C. § 2241, the court, considering the record in the case and the requirements of 28 U.S.C. § 2253, Rule 22(b) of the Federal Rules of Appellate Procedure, and Rule 11(a) of the Rules Governing Section 2241 Cases in the United States District Courts, hereby finds that:

A Certificate of Appealability should not issue. The applicant has failed to make a substantial showing of the denial of a constitutional right.

**SO ORDERED AND ADJUDGED this the 1ˢᵗ day of February, 2018.**

**s/ HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**


**Order Adopting Report and Recommendation**
*Naylor v. Sollie*
**3:16-cv-762-HTW-LRA**